STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
STANLEY FOSTER REED, DEFENDANT-APPELLANT.

Argued May 5, 1970—Decided June 26, 1970.

*Mr. Garrett M. Heher* argued the cause for appellant (*Messrs. Smith, Stratton, Wise & Heher,* attorneys).

*Mr. William E. Mountford, Jr.,* Assistant County Prosecutor, argued the cause for respondent (*Mr. Vincent Panaro,* Mercer County Prosecutor, attorney).

PER CURIAM. Defendant was convicted in Hamilton Township Municipal Court of violating *N. J. S. A.* 2A:170–29(1), which makes it unlawful to "utter loud and offensive or profane or indecent language in any public street or other public place." A $25 fine was imposed. On appeal to the Mercer County Court, defendant was again convicted on a trial *de novo* and the same $25 fine was imposed.

Defendant then appealed to the Appellate Division which affirmed the conviction in an unreported *per curiam* opinion. Since a substantial constitutional question was involved, defendant appealed to this Court as of right. *R.* 2:2–1.

Defendant argues that *N. J. S. A.* 2A:170–29(1) requires proof, in addition to a finding that the language used violated the statute, that the language itself created a substantial risk of provoking violence or was grossly offensive. Defendant contends that such proof is here lacking.

The facts as developed in the County Court are: On December 20, 1967 defendant was traveling in a northerly direction on the New Jersey Turnpike on his way to New York. At approximately 9:00 P.M., he stopped at a Citgo Service Station in Hamilton Township to have a windshield wiper replaced. John Fallon, an attendant at the station, replaced the wiper blade. The wiper still failed to operate properly. An argument arose between defendant and Fallon regarding who had bent the arm of one of the wipers.

While the above dispute was continuing, State Trooper Safko, who was on traffic patrol duty, drove into the service station area. He noted defendant's car parked at an odd angle to the gasoline pumps and observed defendant arguing with Fallon who was a long-standing acquaintance.

Safko then allegedly drove to within three feet of defendant's vehicle. Upon hearing defendant say to Fallon "I didn't bend the God damn thing," Safko exited from his car, approached the two men, and inquired what the problem was. Safko testified that defendant then stated: "I didn't bend the God damn thing and who the hell do you think you are?" Safko told defendant that he was a police officer and defendant allegedly replied, "Jesus Christ. I don't give a God damn who the hell you are."

Defendant was then arrested. His person and car were searched. A bottle of Puerto Rican rum, half empty, was found in the car. Safko further testified that defendant appeared to be "dishevelled," "hot under the collar," "talking man-to-man," and "he had been drinking" but was not intoxicated. Safko stated that he approached the car because he thought the situation might "get out of hand."

Fallon testified for the State. He stated that at one point he heard defendant say to Safko, "God damn." He did not hear any other remarks since the station was busy and he had to attend to other customers. He claimed he could not remember any of his conversation with defendant. Interestingly, he asserted that the Trooper's car was about 20 feet from defendant's car.

The next witness for the State was Norman Stoop, an assistant foreman of the New Jersey Turnpike. Stoop was patrolling with Safko at the time of the incident. He testified that he heard defendant ask the Trooper who the hell he thought he was. He also stated that he heard defendant say, "I don't give a God damn who you are. I'm a graduate engineer. I don't know what tou're [sic.] doing?"

On cross-examination, Stoop modified his testimony. He stated that all he heard was "I don't care who the hell you are or something similar to [that]." He further stated that he thought he heard defendant say, "I don't give a damn who you are or something in that line."

The State's final witness was William Rollins, a parttime employee of Citgo. Mr. Rollins substantiated the Trooper's testimony regarding the quoted statements.

Defendant then testified in his own behalf. He denied that he used the previously quoted language to the Trooper. He conceded, however, that he did say to Fallon, "I didn't bend the God damn thing."

The County Court found that defendant made the statements testified to by Safko. It found that the words "hell" and "God damn" were uttered with sufficient loudness to be within the proscription of the statute but that the words "Jesus Christ" were not so uttered, since they were only heard by Safko. The court also found that the words used were profane and offensive and were spoken at a place to which the public is invited. The Appellate Division affirmed.

For a defendant to be guilty under *N. J. S. A.* 2A:170-29 (1) the words must be spoken loudly, in a public place and must be of such a nature as to be likely to incite the hearer to an immediate breach of the peace or to be likely, in the light of the gender and age of the listener and the setting of the utterance to affect the sensibilities of a hearer. See *State v. Profaci,* 56 *N. J.* 346. Here, the words could not have had such an effect and weer not uttered at a time, place and in the manner contemplated by the statute.

Accordingly, the judgment of the Appellate Division is reversed.

*For reversal*—Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—6.

*For affirmance*—None.